PAYNE *vs.* J. LANSING, Gent. one, &c.

DEMURRER to pleadings. This was a bill filed against the defendant, one of the attornies, &c. as of the term of October, 1827, in which the plaintiff declared, that on the 9th March, 1826, the defendant promised, in consideration that the plaintiff would not assign a certain judgment which he held against G. Quackenbush, obtained in the Washington common pleas, to one J. S. B. that he, the defendant, as soon as a judgment should be rendered in the supreme court in favor of the plaintiff against Quackenbush for the amount recovered in the common pleas, would take an assignment of the same, and pay him the amount thereof, exclusive of the costs in the supreme court. The plaintiff then avers, that in the February term, 1827, of the supreme court, he recovered a judgment against Quackenbush in that court on the judgment rendered in the common pleas, and that on the 4th December, 1827, he tendered to the defendant an assignment of the judgment recovered in the supreme court,

On a promise to take the assignment of a judgment when obtained, and pay the amount thereof, an action will not lie until after a tender of such assignment. The rendition of the judgment alone gives no cause of action ; and where the defect appears in the declaration, it may be taken advantage of by general demurrer.

NEW-YORK,
May, 1829.

Payne
v.
Lansing.

and demanded payment, which was refused. There was a second count in the declaration, varying from the first only in stating that the promise of the defendant was for the additional consideration that the defendant had received of the plaintiff a certified copy of the judgment in the common pleas for collection. The defendant demurred.

*J. W. Cushman*, for defendant. The bill was filed before the cause of action accrued. The defendant agreed to take an assignment, and to pay. The assignment was not tendered until 4th December, 1827, and the bill was filed as of the previous October term. (3 *Johns. R.* 42. 10 *id.* 119.) Two considerations having been laid, both being good, the plaintiff should have averred performance of each. ( *Com. Dig. Pleader C.* 51. 2 *Cro. Jac.* 502. 3 *Caines*, 286.)

*J. Crary*, for plaintiff. The judgment was in fact assigned on the 9th March, 1826. The plaintiff then delivered the certified copy of his judgment to the defendant, in consideration of which the defendant promised to pay, when a judgment should be obtained in the supreme court. The judgment was obtained previous to the commencement of this suit and the cause of action accrued. An assignment may be by parol. (19 *Johns. R.* 96. 6 *Cowen*, 110.) The defect, if any, the declaration, could be taken advantage of only by special demurrer.

*By the Court*, SUTHERLAND, J. The demurrer is well taken. The bill is of the term of October, 1827, and yet it appears on the face of the declaration that the cause of action did not accrue until the 4th day of December thereafter. The promise of the defendant, as stated in the declaration, was, that as soon as judgment should be obtained in the supreme court against Gerrit Quackenbush upon a certain judgment in the court of common pleas of Washington county in favor of the plaintiff Payne against said Quackenbush, he, the defendant, *would take an assignment* of said judgment, and pay the amount. The plaintiff's cause of action was not perfect until he had *offered to assign* this judgment. He accordingly avers a tender of such assignment in

both counts of his declaration on the 4th day of December, 1827. His cause of action then accrued, which was two months after the commencement of this suit. This is a fatal objection on general demurrer. (*Cheetham* v. *Lewis*, 3 *Johns. R.* 42. *Waring* v. *Yates*, 10 *Johns. R.* 119.)

Judgment for defendant on demurrer.