HILL, *Administratrix, versus* FISHER.

There are cases in which *the time* agreed upon for the payment of money, is not of the *essence* of the contract.

Rights, claimed under this principle, can be enforced only by process in equity.

Thus, for a party who claims under a tender, made after the agreed pay-day, and relies upon circumstances to justify the delay, *a suit at law* is not an available remedy, although the time of payment was not of the essence of the contract.

On REPORT from *Nisi Prius*.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

HATHAWAY, J. — Debt upon a sealed instrument, dated April 14, 1849, by which the defendant agreed to convey to Abraham Hill (plaintiff's intestate) a parcel of land upon condition that said Hill should pay the defendant therefor $455, as follows, *to wit*, $200, on the 15th June next, $127,50 in one year and $127,50 in two years from date and interest annually, for which sums said Hill gave the defendant his three several notes of hand of same date, which were to be paid according to the terms and meaning of said notes.

The first note was paid at maturity. Abraham Hill deceased April 16, 1850, and his estate was represented insolvent.

The remaining two notes were not paid, and on the 14th Aug. 1851, the plaintiff tendered to the defendant the money and interest due thereon, according to their tenor, together with one year's taxes in arrear and interest thereon, and de-

manded a deed, which the defendant refused to give, where-upon this action was commenced.

By the terms of the agreement the defendant was bound to give a deed upon a condition precedent to be performed by Abraham Hill, *to wit,* the payment of the notes for the purchase money in a stipulated time.

The case finds, that the last two notes were overdue at the time of the tender, one of them for about four and the other about sixteen months.

But the plaintiff's counsel contended, that time was not of the essence of the contract, and argued forcibly in support of her claim.

There are cases in which time is not of the essence of the contract, and in such cases, the party aggrieved may obtain redress by process in equity. *Getchell* v. *Jewett,* 4 Maine, 350 ; *Rogers* v. *Saunders,* 16 Maine, 92. But in an action at law, when the question is whether a party has performed his part of a contract, which requires performance within a certain time, the Courts cannot say that that is immaterial, which the parties by their contract have made material. *Hill* v. *School Dis. No. 2, in Milburn,* 17 Maine, 316 ; *Allen* v. *Inhabitants of Cooper,* 22 Maine, 133.

Whatever may be the liabilities of the defendants, by proper proceedings in chancery against him, upon the facts agreed, this action at law cannot be sustained, and according to the agreement of the parties a nonsuit must be entered.

*Blake,* for the plaintiff.

*A. Sanborn,* for the defendant.