Edwards, J.
 

 If the instrument upon which this suit is brought be construed according to the plain rules of common sense,- without regard to legal subtleties and refinements, it seems to me,- that there can be but little difficulty in coming to a conclusion as to its true meaning and effect. The defendant agrees to purchase thirty shares of stock, on a particular day, at a fixed -price,* No credit whatever is. given. Now, what is he bound to do in order to make' such a purchase ? He certainly is not hound to pay the price agreed upon, without receiving any thing in return. A cash purchase can only be made by a payment of the purchase money on the one side, and a delivery of the thing purchased on the other. These are, and must necessarily be concurrent "acts. The purchaser is not bound to pay the purchase money unless he receives the thing purchased j
 
 *447
 
 and how can it be said that he has refused to receive the thing purchased, and to pay the money for it; when he has never had the opportunity of receiving it? I cannot perceive how a person can be said to be in default for not doing a thing, when the party who alleges his default, and who alone could put it in his power to do the thing, has neglected to do so.
 

 There is, undoubtedly, a great discrepancy in the reported cases in which the question has arisen whether covenants and promises were dependent or independent; or, perhaps, the proposition may be more correctly stated by saying, that many of the older cases have neither been approved of, nor followed, in the modern decisions. The case of
 
 Turner
 
 v.
 
 Goodwin,
 
 (10
 
 Mod. 153, 189, 222,)
 
 which is somewhat analogous to the one under consideration, was cited and relied upon by the plaintiff. That was an action of debt upon a bond for £3000, conditioned for the payment of £1500. The condition recited that whereas Dibble was indebted to Turner on a bond for £3000, conditioned for the payment of £1500, and had recovered judgment for his money; Goodwin, upon consideration that the plaintiff would forbear suing out execution against Dibble, promised to pay the money to Turner upon request, he assigning over to Goodwin the judgment he had against Dibble. The defendant pleaded in bar that the plaintiff had not assigned the judgment; the plaintiff replied that he was ready to assign. The court were divided in opinion upon the first argument of the case, but upon the third argument gave judgment for the plaintiff. In giving their opinion they say, that “ Although the obligor be not bound to part with his money, unless the judgment be at the same instant assigned to him, yet he is bound to seek out the obligee, bring the money, and tell him,
 
 “
 
 Sir, here is your money if you will assign the judgment.” It will be observed that the court admit that the defendant was not bound to pay his money until the judgment was assigned to him; that is, that there would not be a breach of the covenant to pay the money until an assignment of the judgment had been made or tendered ; but they say that the defendant cannot avail himself of that fact without seeking
 
 *448
 
 for the plaintiff, bringing the money, and telling him that it is ready. In 20
 
 Vin. Abr.
 
 183, Tender, [E.]
 
 p.
 
 9, it is said, that Lord Macclesfield, in alluding to this case, “ declared that where there are no words to determine the priority of the acts, a middle way is to be chosen. The party is not obliged to make an absolute tender of the money first, but by such words as these, I tender you the money so you make an assignment.” It is sufficient to say that this case has not been followed, and in no other case has any “ middle way” been suggested. But a much more sensible and practical rule has been laid dow;n even in cotemporaneous cases. In the case of
 
 Callenonel
 
 v.
 
 Briggs,
 
 (1
 
 Salk.
 
 112,) there was an agreement that the defendant would pay a certain sum of money, in six months after the bargain, the plaintiff transferring stock. Holt, Oh. J., said: “If either party would sue upon this agreement, the plaintiff for not paying, or the defendant for not transferring, the one must aver and prove a transfer, or a tender, and the other a payment, or a tender; for transferring in the first bargain was a condition precedent, and though these be mutual promises, yet if one thing be the consideration for the other, then a performance is necessary to be averred. If I sell you my horse for £10, if you will have the horse, I must have the money; or if I will have the money, you must have the horse.” Therefore, the report says,
 
 “
 
 he obliged the plaintiff either to prove a transfer, or a tender and refusal within six months.” In the case of
 
 Thorpe
 
 v.
 
 Thorpe,
 
 (1
 
 Salk.
 
 171,) the same learned justice laid down the rule
 
 “
 
 tha,t in executory contracts if the agreement be that the one shall do an act, and for the doing thereof the other shall pay, &c., the doing of the act is a condition precedent to the payment, and the party who is to pay shall not "be compelled to part with his money till the thing be performed for which he is to pay.”
 
 (See
 
 1
 
 Vent.
 
 147, 177, 214;
 
 Pordage
 
 v.
 
 Cole,
 
 1
 
 Saund.
 
 320
 
 d, note
 
 4,
 
 sub.
 
 5.) At a later period, in the case of
 
 Gooddisson
 
 v.
 
 Nunn,
 
 (4
 
 T. R.
 
 761,) where A. had agreed to sell B. his estate for a certain sum of money on or before a particular day, in consideration whereof B. agreed to pay that sum on or before the day,
 
 *449
 
 and in case of failure, to pay £21; it was held that the covenants were dependent, and that A. could not recover the £21 without showing a conveyance on his part, or a tender of one; and Lord Kenyon, in giving his opinion, said that
 
 “
 
 the old cases cited by the plaintiff’s counsel have been accurately stated, but the determinations in them outrage common sense,” And Grose, justice, says,
 
 “
 
 notwithstanding some of the old authorities, the courts of later years have considered whether, in reality, the first act is not to he performed by the seller, or, at least, whether they are not
 
 concurrent acts.
 
 There is so much good sense in the later decisions that it is too much to say that they are not law.” In the case of
 
 Kingston
 
 v.
 
 Preston,
 
 (2
 
 Doug.
 
 690,) the defendant agreed to give up his business on a particular day, and the plaintiff agreed to give security for the payment of a sum of money. The plaintiff averred that he had been ready to perform his covenants, and assigned for breach a refusal on. the part of the defendant to perform his. The defendant pleaded 1, that the plaintiff did not
 
 offer
 
 sufficient security; and 2, that he did not
 
 give
 
 sufficient security. The plaintiff demurred to both pleas, and judgment was given for the defendant. Lord Mansfield, in delivering the opinion of the court, said, that
 
 “
 
 there are three kinds of covenants; 1. Such as are called mutual and independent. 2. There are covenants which are conditions and dependent. 3. There is also a third sort of covenants which are
 
 mutual condition
 
 "*
 
 to be performed at the same time;
 
 and in these if one party was ready and offered to perform his part, and the other neglected or refused to perform his, he who was ready, and offered, has fulfilled his engagement, and may maintain an action for the default of the other; though it is not
 
 certain that either is obliged to do the first
 
 actThe latter decision refers to that class of cases in which the acts agreed to he done are concurrent, as in the case before us. He then lays down the general rule, that
 
 “
 
 the dependence or independence of covenants is to be collected from the evident sense and meaning of the parties, and that, however transposed they may be in the deed, their precedency must depend upon the order of time in which
 
 *450
 
 the intent of the transaction requires their performance.” In the case of
 
 Bank of Columbia
 
 v.
 
 Hagner,
 
 (1
 
 Peters,
 
 455,) in which there was a contract for the sale of land, by which one agreed to purchase, and the other to convey, the covenants were held to be dependent; and Thompson, J., says, that “ in contracts of this description the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. A different construction would in many cases lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced from him, and yet be disabled from procuring the property for which he paid it.” In the case of
 
 Dana
 
 v.
 
 King,
 
 (2
 
 Pick.
 
 156,) Ch. J. Parsons says,
 
 “
 
 where two parties contract to do each a certain thing to the other on the same day, and the thing to be done by the one is the consideration for that which is to be done by the other, the one who would compel a performance must show an offer and a readiness to do what is to be done on his part.” If we apply the principles thus laid down to the present case, it seems to me that we can come to no other conclusion than that the acts which the parties are bound to perform are concurrent, and neither can recover against the other for non-performance of the contract, unless he avers an offer or tender of performance on his part. But we have decisions in the courts of this state in cases almost identical with the one before us. In
 
 Payne
 
 v.
 
 Lansing,
 
 (2
 
 Wend.
 
 525,) the declaration alleged a. promise by the defendant, that as soon as a certain judgment was rendered he would take an assignment of it, and pay to the plaintiff the amount thereof, &c. The court say, that the plaintiff’s cause of action was not perfect until he had offered to assign the judgment. In
 
 Johnson
 
 v.
 
 Wygant,
 
 (11
 
 Wend.
 
 48,) the declaration alleged that the defendant covenanted and agreed to purchase of the plaintiff a certain lot of land for a sum stated, payable in three equal annual installments, with interest, yet that the defendant not regarding his covenant, had not paid, &c. The court held that the payment of the last installment of the whole consideration money, and the giving of the deed, were to be concurrent acts;
 
 *451
 
 and they say, that
 
 “
 
 it is well settled that covenants like these are dependent, and that neither party can recover against the other without averring a tender of performance on his part. A mere readiness to perform is not sufficient. If the vendor sues for the consideration money, he must aver a tender of such deed as by the terms of the contract he was to give. If the action is brought by the vendee against the vendor for not conveying, he must aver a tender of the consideration money before suit brought.” It follows" then that where there is a contract to purchase, like the one in question, the vendor is not entitled to recover for a breach of it,-until he has made a tender of performance on his part. If it were otherwise, the defendant would be compelled to pay for what he has never received, and never had the opportunity of receiving, and what the plaintiff may never have had it in his power to deliver.
 

 It is contended, however, that this case is distinguishable from those which have been cited, inasmuch as the agreement to purchase is founded upon a valuable consideration. But how can that alter the nature of the contract ? The question is not whether the defendant is bound to perform his contract. His obligation to purchase according to its terms is admitted. The true and the only question is, wh'at is the defendant bound to do in order to perform his contract ? or, rather, under what circumstances will he be considered in default for its non-performance? The first, second, fourth and fifth counts do not contain any allegation of an offer or tender of performance on the part of the plaintiff, and they are for that reason defective.
 

 The instrument in question is dated on the 6th of September, 1839, and the agreement was, by its terms, to be performed at the expiration of one year from its date. The'third count alleges an offer of performance, and it states that the offer was made at the expiration of one year from the date of the instrument, to wit, on the 7th day of September, 1840. It is contended on the part of the defendant that the 7th of September was after the expiration of a year from the date of the contract, and that, for that reason, the third count does not contain a sufficient allega
 
 *452
 
 tion of an offer of performance. In the case of
 
 Bynner
 
 v.
 
 Russell,
 
 (1
 
 Bing.
 
 23,) an action was brought upon a bill of exchange, and the declaration, after stating the delivery of the bill to the plaintiff, averred that afterwards, and when the said bill of exchange became due and payable, according to the tenor and effect thereof, to wit, on the 31st day of March in the year 1822, the said bill of exchange was in due manner and according to the usage and custom of merchants presented for payment. To this there was a special demurrer, and cause was assigned that the 31st day of March, 1822, was Sunday. The court held that even on special demurrer the day was immaterial, being specified under a
 
 to wit,
 
 and in an averment that the bill was presented for payment when it became due and payable. In the present case there is an averment that the offer was made at the expiration of the year, as required by the contract, and if a different day be stated under a
 
 videlicet
 
 it is inconsistent with the previous allegation, and should be rejected as surplusage.
 
 (See also Vail
 
 v.
 
 Livingston,
 
 4
 
 John.
 
 450 ;
 
 Gleason
 
 v.
 
 McVickar,
 
 7
 
 Cowen,
 
 42.)
 

 I think that the judgment of the supreme court should be' reversed, and judgment given for the plaintiff on the third count,- and for the defendant on the'other counts, with leave to each party to amend.-
 

 Johnson, J., delivered an opinion to the same effect.-
 

 Denio, J., having been counsel in the cause, and Ruggles, J.-, hot having heard the cause argued, took no part in the decision. The other judges concurred in the foregoing opinions.
 

 Judgment accordingly.