# ROBERT HENDERSON

## v.

# GEORGE D. WHEATON ET AL.

*Contracts—Construction of.*

Where acts are mutually dependent, suit can not be maintained for a refusal to do one, without showing a readiness to do the other.

[Opinion filed May 5, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. GARTSIDE & LEFFINGWELL, for appellant.

Messrs. G. W. & J. T. KRETZINGER, for G. D. Wheaton, appellee.

Messrs. W. J. TEWKSBURY and A. C. BARNES, for F. S. Eames, appellee.

WATERMAN, J.   An action of assumpsit was brought by appellant upon the following contract:

"CHICAGO, ILL., June 25, 1884.

This day sold to Robert Henderson, of New York City, fifty shares of the capital stock of the Big Laramie Land Cattle and Improvement Company, of $100 each, for the sum of $5,000, the receipt of which is hereby acknowledged, upon the following express condition:

At the expiration of three years from the date hereof, if said Robert Henderson elects to return said fifty shares of said capital stock to the undersigned, we agree to pay to said Robert Henderson the said sum of five thousand dollars, with interest thereon at the rate of ten per cent per annum, less any dividends he may have received upon said stock; provided, however, the said Robert Henderson shall notify the undersigned of his intention to return said capital stock, and claim

such repayment, at least thirty days before the expiration of the said term of three years. Such notice may be given by addressing the same to and in care of F. S. Eames, Commercial National Bank, Chicago, Illinois.

<div align="right">

(Signed)    GEO. D. WHEATON,   [SEAL.]

F. S. EAMES,   [SEAL.]

TRABING BROS.,   [SEAL.]

C. H. HUTTON.   [SEAL.]"

</div>

The declaration contained no averment of a tender of the stock mentioned in the contract, and none was proved upon the trial; thereupon the court found the issues for the defendants.

The contention of appellant is, that it was sufficient to notify appellees of his intention to return the stock and that thereupon at the expiration of thirty days the obligation of appellees to pay the $5,000 with interest became absolute, and they must pay the money and thereafter get the stock if they can. Such is not the spirit of the contract, nor was such the intention of the parties when it was made.

The intention spoken of in the contract is not one which may exist merely while notice of it is being given; it must be continuing, and when the money is paid must be active; the payment of the money and return of the stock it was intended should be contemporaneous. "Faith without works is dead." So intention without act is worthless.

Where acts are mutually dependent, suit can not be maintained for a refusal to do one without showing an offer, or readiness, to do the other. Callenonel v. Briggs, 1 Salk. 112; Lester v. Jewett, 11 N. Y. 453; Plumb v. Taylor, 27 Ill. App. 238; Bishop on Contracts, Sec. 1433; Bank of Columbia v. Hagner, 1 Peters, 461–465.

The judgment of the court below is affirmed.

<div align="right">

*Judgment affirmed.*