*Irving Champlin and Warren R. Perce,* for defendant.

---

ARTHUR W. CABOT *vs.* EDWIN F. KENT *et al.*

PROVIDENCE — JULY 13, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The promoters of a corporation guaranteed to C., who proposed to purchase certain shares of stock therein, that they would take back said stock and pay par therefor upon a date named, if C. should so elect :—

*Held,* that this was analogous to an offer by the promoters to purchase the stock on said date if C. then wished to sell it to them :—

*Held,* further, that in order to bind the promoters it was necessary for C. to have made known his election to sell before the expiration of the date limited for the purchase.

If the obligation assumed be regarded as a contract instead of an offer, it is within the class in which time is considered as of the essence of the contract.

ASSUMPSIT to recover on a written guaranty. Certified from the Common Pleas Division, and heard on substantial demurrer to the declaration.

MATTESON, C. J. This is assumpsit on a guaranty in writing, which reads as follows :

"PROVIDENCE, R. I., February 9, 1894.

ARTHUR W. CABOT, ESQ., Providence, R. I.

DEAR SIR :—In consideration of your taking stock (fifty shares of one hundred dollars par value each) and entering the employ and service of the Kent & Stanley Co., we do

hereby guaranty you not less than six per cent. per annum in interest or dividends upon your investment for the present year, and also to take back said stock and pay par therefor upon January 1st, 1895, should you so elect.

ARTHUR W. STANLEY,<br>EDWIN F. KENT."

The plaintiff has acknowledged satisfaction of the amount due for interest or dividends as provided in the guaranty.

The declaration avers that the date January 1, 1895, was not inserted in the guaranty as an arbitrary date on which the plaintiff was to make an election, nor was it intended to be, nor was it of the essence of the contract, but it was used as a date about when the books of the company would be balanced and the condition of the company ascertained, so that the plaintiff would have some basis for his election when made, and that on January 1, 1895, the plaintiff was unable to ascertain the condition of the company, and that as soon thereafter as he did learn of its condition he tendered the stock to the defendants and demanded of them the amount of the par value thereof, to wit, five thousand dollars, etc.

The defendants have demurred to the declaration : (1) Because it appears by it that the plaintiff did not elect to return the stock prior to January 1, 1895 ; and (2) because time was of the essence of the contract declared on.

The obligation assumed by the defendants in reference to the stock was to take it back on January 1, 1895, if the plaintiff elected to have them do so. It was analogous to an offer on the part of the defendants to purchase the stock on the date named, if the plaintiff wished to sell it to them at that time. In order to bind the defendants, it was necessary for the plaintiff to make known his election before the date limited for the purchase expired. We see no difference in principle between the case at bar and *Potts* v. *Whitehead*, 20 N. J. Eq. 55, in which the respondent had signed a paper by which, in consideration of one dollar recited to have been paid, he agreed that the complainant should have for thirty days the refusal of certain land, and that he would convey it

on certain specified terms, and in which it was held that the effect of the writing was that of a refusal or offer of the land, and did not become a contract unless accepted within the thirty days.   The court remarks : " There can be no question but that when an offer is made for a time limited in the offer itself, no acceptance afterwards will make it binding.   Any offer without consideration may be withdrawn at any time before acceptance, and an offer which in its terms limits the time of acceptance is withdrawn by the expiration of. the time.   There is no authority, precedent or principal by which the time can be extended without consent of the person making it."   And again : "If the contract is one made so as to be legally binding, then a court of equity, which in certain cases holds that time is not of the essence of contract, will often enforce it, although the plaintiff, through mistake or accident or mere remissness, when not accompanied by fraud, has omitted to comply with it on his part within the time limited.   The authorities referred to on the part of the complainant clearly establish that, but do not give the slightest support to the doctrine that the time for accepting an offer, fixed in the offer, can ever be extended."   And see also *Mason* v. *Paine,* 47 Mo. 517 ; *Longworth* v. *Mitchell,* 26 Ohio St. 334, 342 ; *Britton* v. *Phillips,* 24 How. Pr. (N. Y.) 111 ; *Lester* v. *Jewett,* 11 N. Y. 453 ; *Boston & Maine Railroad* v. *Bartlett,* 3 Cush. 224 ; *Carter* v. *Phillips,* 144 Mass. 100 ; *Chaffee* v. *Middlesex Railroad Co.,* 146 Mass. 224 ; Pom. Spec. Prof. § 387.

But even if the obligation assumed by the defendants should be regarded as a contract and not merely in the light of an offer, relating as it did to the purchaser of shares in a business corporation, subject to fluctuation in value, it is within the class of contracts in which time is considered, even in equity, as of the essence of the contract.   *Campbell* v. *London & Brighton Railway Co.,* 5 Hare, 519 ; *Doloret* v. *Rothschild,* 1 Sim. & Stu. 590 ; *Goldsmith* v. *Guild,* 10 Allen, 239 ; Pom. Spec. Perf. §§ 384, 385.

Moreover, this is a suit at law, and in executory contracts the time of performance is at law considered as of the essence

of the contract. *Furlong* v. *Barnes*, 8 R. I. 226; *Hill* v. *Fisher*, 34 Me. 143. The doctrine that it is not to be so regarded in a given case is an equitable doctrine, to be administered in equity in case of the existence of equities calling for its application. *Goldsmith* v. *Guild*, 10 Allen, 239, 241; *Potts* v. *Whitehead*, 20 N. J. Eq. 55, 60.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*Henry W. Hayes and Frederic Hayes*, for plaintiff.

*Charles A. Wilson, Thomas A. Jenckes, Stephen O. Edwards, Seeber Edwards and Walter F. Angell*, for defendants.