(122 App. Div. 560.)

### DELAWARE TRUST CO. v. CALM et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

JOINT ADVENTURES—AGREEMENT BETWEEN PARTIES FOR PURCHASE OF INTEREST —ENFORCEMENT—DEMAND AND TENDER.

An agreement, reciting that defendants had invited plaintiff's assignors to join in the business venture of locating mineral lands, provided for payment by the assignors of half the expenses, and further provided that defendants would purchase the interest of the assignors at their request, paying the amount expended by them in the business. The interests of the parties were represented by shares. *Held* that, as the agreement did not relate to the purchase and sale of specific property, a notice to defendants by the assignors that they accepted the condition of the agreement for the repayment of the moneys advanced in the undertaking was a sufficient tender of their interest to call on defendants to perform.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Joint Adventures, § 6.]

Laughlin, J., dissenting.

Action by the Delaware Trust Company against Maximilian Calm and others. On motion for a new trial on exceptions directed to be heard in the first instance in the Appellate Division, after judgment of dismissal at the close of plaintiff's case. New trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

George P. Breckinridge, for plaintiff.

Hoadley, Lauterbach & Johnson (Henry L. Scheuerman, of counsel), for defendants.

CLARKE, J. This is a motion for a new trial on exceptions directed to be heard in the first instance at the Appellate Division. The complaint was dismissed upon the trial at the close of the plaintiff's case. The action is brought by the plaintiff, as assignee of the interests of J. Ernest Smith, S. Rodman Smith, and Edward T. Canby, against the defendants, to recover the amount expended by the assignors in a venture with the defendants. On November 21, 1899, an agreement in writing was entered into between plaintiff's assignors as parties of the second part and the defendants as parties of the first part. This agreement, after reciting that the defendants have invited the plaintiff's assignors to go into a business venture in locating, taking up and acquiring ore lands and claims, and incidentally mineral and ore lands of every description, in the state of California, and that the defendants had secured the expert services of H. B. Stevens of Los Angeles, Cal., to exploit, discover, locate, take up, and prove such claims and lands, stated that the parties agreed to take hold and acquire all lands, claims, and rights of all kinds in the following shares and proportions: Two-eighths parts to H. B. Stevens, three-eighths parts to the Calms, and the balance, three-eighths parts thereof, to S. Rodman Smith, and J. Ernest Smith. It was further agreed that all expenses should be paid by the Calms, and that the Smiths would pay one-half thereof on presentation of statements, and that not more than $4,000 should be expended. There are also clauses by which each party gives to the other an option to buy their interests. There was also in the original agreement a sixth clause on which this action is based, as follows:

"Sixth. The said parties of the first part further covenant, promise, and agree that they will at any time, within three years after this date, at the request of said parties of the second part, purchase for cash all the right and interest of said parties of the second part in said business and this agreement, paying them therefor the actual amount of cash paid out or expended by them in and about said business."

After the agreement had been entered into, the Smiths assigned one-third of their interests, or one-eighth of the whole, to Edward B. Canby, who agreed to pay his share of the expenses. This assignment is written on the agreement. The evidence satisfactorily establishes that the plaintiff's assignors had paid as their share of the actual amount of cash paid out and expended in and about the business $2,142.83. Before the expiration of the three years, to wit, on November 18, 1902, plaintiff's assignors wrote to the defendants as follows:

"I have received a letter since the negotiations looking to the sale of the oil property from my brother, and he states that he thinks it would be best to close the whole matter up, and, to that end, he desires me to write you that we will accept the condition in our agreement of repayment by you of the moneys advanced in this undertaking. To this conclusion both Mr. Canby and I agree. This notice is given you in conformity with the contract which expires on the 25th of this month."

It is conceded that said letter was received by defendants on November 19th. No answer was returned to it, and it is to recover upon said agreement the amount indicated that the action was brought.

The complaint was dismissed at the close of the plaintiff's case upon the ground that there had been no tender or offer to return any advantage received by plaintiff's assignors under the contract. To support this ruling, the respondents cite Taylor v. Blair, 59 Hun, 347. In that case plaintiff had purchased stock and paid $10,000 upon his subscription. To induce him to purchase this stock the defendants agreed that, if at the end of one year plaintiff should desire to sell the said shares at the price paid for the same by him, they would purchase the same, and pay to him the amount paid by him. The court held that under that agreement, before a recovery could be had, it was incumbent to prove that there had been an offer or a tender of transfer of those shares. They also cite Lester v. Jewett, 11 N. Y. 453. In that case, also, defendant agreed to purchase from the plaintiff shares of stock within one year at a fixed price. Under such circumstances it was held:

"A cash purchase can only be made by a payment of the purchase money on one side and a delivery of the thing purchased upon the other."

It seems to me that these authorities do not apply to the facts developed on this trial and under this contract. Here was a joint venture, the interest in which was divided into eight shares. The contract in the sixth clause provided for the purchase of "all the right and interest of the said parties of the second part in said business and this agreement." At the beginning, plaintiff's assignors held three-eighths interest and the defendants three-eighths, and the agent, whom the defendants employed to locate the property, the exploitation of which was the purpose of the enterprise, held two-eighths. Said agent having proved unsatisfactory, his two-eighths were recovered from him, and one of the eighths had been disposed of to another person. Evidently this provision in the contract was intended to be, and was, a guaranty of repayment in case the enterprise, into which the defendants had invited the plaintiff's assignors, should prove unsuccessful. It did not provide for the purchase and sale of specific property, shares of stock, or other tangible assets. It was to purchase the interest in the venture which was represented by the shares thereof which the defendants owned. Anything incidental thereto in the way of muniments of title as assignments of options, or locations which had been obtained, or even deeds of property, were all incidental to the real thing. This was the purchase of shares of the whole venture which the plaintiff's assignors owned, and which the defendants agreed to take back and return to plaintiff's assignors the amount they had expended. Under this agreement, all that the

plaintiff's assignors had to do, in my opinion, was to notify the defendants within the three years that they proposed to take advantage of the privilege reserved. After receiving said notice, the defendants could not sit by and do nothing. If they wished anything further, they should have said so. If there were any details necessary to insure complete possession of the shares, they should have asked for them. They should have done something to put the plaintiff's assignors in the wrong.

The interest in the venture was susceptible to purchase as such, as evidenced by the fact that one-eighth had been sold to one Elliott for $1,500. This carried, as an incident thereto, a one-eighth interest in all the options, locations, etc., obtained. It is not pretended that there was any physical transfer to said Elliott of one-eighth of each of said things which now defendants claim should have been tendered to them. The character of the transaction precludes any idea of the strict tender or manual delivery of the component evidences of title of the things which entered into and made up the whole venture. When the defendants were notified that plaintiff's assignors accepted "the condition in our agreement of repayment by you of the moneys advanced in this undertaking," sufficient tender of their interest was made.

The dismissal of the complaint therefore was error, the exceptions should be sustained, and a new trial ordered, with costs to appellant to abide the event. All concur, except LAUGHLIN, J., who dissents.