## Grays Harbor Commercial Company, Appellee, v. Turn=bull=Joice Lumber Company, Appellant.

### Gen. No. 15,736.

1. SALES—*rights and obligations of vendor upon refusal of delivery by vendee.* When a vendee refuses to receive goods purchased, the contract is not thereby rescinded, unless the vendor treats such refusal as a renunciation. If he does not so treat it he is bound by it and must perform it on his part, and before he can recover against the vendee for its breach he must show a delivery of the goods according to contract or a readiness and offer to do so, and he may deliver the goods or offer to do so up to the last day when by the contract of purchase they were to be delivered and the purchaser may receive them up to the same time, and when under such a contract the vendor shows a state of facts entitling him to recover and brings his suit after the last day when delivery must be made under the terms of the contract, the measure of damages is the difference between the contract price and the market price of the goods at the time and place stipulated for the delivery. Where an article is to be delivered on or before a time certain without a prior demand the breach can only occur at the time fixed as the limit and the measure of damages will be the difference between the

contract price and the market price at that time.

2. EVIDENCE—*who may testify to admissions.*    Any person who heard them is competent to testify to admissions against interest.

3. EVIDENCE—*attorney not disqualified as witness.*    While the Supreme Court of this state has criticised the practice of an attorney of record testifying in a case, it has never been held that to permit an attorney to so testify was reversible error.

4. EVIDENCE—*what not competent upon question of market price.* If there was a market price at the place of delivery it is error to undertake to establish the market price by receiving evidence as to what the market price was at some other point and deducting the amount of the freight.

Appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Reversed and remanded.    Opinion filed October 4, 1911.    Rehearing denied October 25, 1911.

HARRY A. BIOSSAT, for appellant.

CHARLES H. BLATCHFORD, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun in the Municipal Court of Chicago by appellee to recover from appellant damages for the breach of a contract for the purchase of shingles by appellant from appellee.

The cause was tried by the court without a jury and resulted in a finding and judgment in favor of appellee for $1,087.26.

There is no dispute as to the making of the contract or its terms.    By it the appellant agreed to take and the appellee agreed to deliver at Chicago 20 carloads of Star A Star shingles at $2.76 per thousand, freight paid, shipments to begin within ten days and to be completed within ninety days.    The contract was made by an order sent by mail by appellant April 24, 1908, and received by appellee at Seattle, Washington, on April 28, 1908, and accepted by telegram and by letter on the same day it was received.    Two days after the acceptance of the order by appellee appellant under-

took to rescind the contract of purchase by telegram, appellee refused to accept the rescission, and on May 4th or 5th, 1908, appellee shipped to appellant one carload containing 273½ thousand shingles.    On the arrival of this carload at Chicago the appellant refused to accept the same, and never did accept it.    Other correspondence passed between the parties, appellant insisting upon the rescission and appellee insisting upon the performance of the contract, the last of the correspondence being a letter from appellee dated May 19, 1908, in which appellees said in part, "*  *  * As we advised you on May 11th, the contract which was consummated by our wire to you of April 28th, we expect to execute, and we trust that you will live up to your part of it without forcing us to take the steps that will otherwise be necessary."    No shingles were shipped except the first carload, and that carload was afterwards sold by appellee for $2.40 per thousand at Chicago.    This suit was begun more than ninety days after the making of the contract.

When a vendee refuses to receive goods purchased, the contract is not thereby rescinded, unless the vendor treats such refusal as renunciation.    If he does not so treat it, he is bound by it and must perform it on his part.    Kadish et al. v. Young et al., 108 Ill. 170; Roebling's Sons Co. v. Lock Stitch Fence Co., 130 Ill. 660; Plumb v. Taylor, 27 Ill. App. 238.    And before he can recover against the vendee for its breach he must show a delivery of the goods according to contract or a readiness and offer to do so (Plumb v. Taylor, *supra*), Lasson v. Mitchell, 41 Ill. 101, and he may deliver the goods or offer to do so up to the last day when, by the contract of purchase, they were to be delivered, and the purchaser may receive them up to the same time.    When, under such a contract, the vendor shows a state of facts entitling him to recover, and brings his suit after the last day when delivery can be made under the terms of the contract, the measure of

damages is the difference between the contract price and the market price of the goods at the time and place stipulated for delivery.     James H. Rice & Co. v. Penn Plate Glass Co., 88 Ill. App. 407; Deere v. Lewis et al., 51 Ill. 254; Capen v. De Steiger Glass Co., 105 Ill. 185.   Where an article is to be delivered *on* or *before* a time certain, without a prior demand, the breach can only occur at the time fixed as the limit and the measure of damages will be the difference between the contract price and the market price at that time. Phelps v. McGee, 18 Ill. 155.

The propositions of law submitted by appellant and marked ''held'' by the court are in conformity with the foregoing views, and no complaint is made as to their correctness.

It is contended that the court erred in its rulings on the admission of evidence and that the judgment is grossly in excess of the amount of damages shown by any legitimate evidence.

The testimony of Charles H. Blackford concerning a conversation between himself and Mr. Joice, the president of appellant company, said to have taken place about the middle of June, 1908, at the office of appellant company, in which Blackford testifies in substance that Joice said he would not receive the carload of shingles already shipped and then in Chicago, is objected to for two reasons: first, because it was not shown by any proper evidence that Blackford was at that time, authorized to act for the appellee, and second, because, when he testified in the case, he was the attorney of record trying the case for the appellee. Neither of these objections is well taken.   The conversation, whether admissible for any other purpose, was as to appellant, in the nature of an admission against interest and as such was admissible and provable by any one who heard it, and while the Supreme Court of this state has criticised the practice of an attorney of record testifying in a case, it has never

held that to permit an attorney to so testify was reversible error.

Several witnesses for the appellee were allowed over objection to testify as to the market price of shingles in the State of Washington as a basis of establishing the market price in Chicago by adding to the price in Washington the freight rate from there to Chicago. If those two elements were all the elements involved in fixing the market price in Chicago, it would under some circumstances be competent evidence, but by that method the well recognized influence on the market of supply, demand and competition is entirely omitted from the calculation. On that subject the witness Davis, in answer to a question by the Court, said in substance, "The market price in Chicago is fixed by the coast price with the freight rate added, the different competition makes the prices vary according to the demand," etc. It is that element that has given rise to the now settled rule that where there is in fact a market price at the place in question, it becomes a fact to be established by direct proof, and it is only where there is no market price at such place that proof showing the prices elsewhere and the cost of transportation can be admitted as the next best means of establishing the market value. The proof here shows that there was a market price in Chicago. It was, therefore, error to admit the evidence as to the coast price.

The only competent evidence in the record as to the market price of shingles in Chicago on July 30, 1908, which was the last day on which under the contract they could be delivered there, was the testimony of the witness Joice, who said it was $2.72 per M., making a loss of 4 cents per thousand shingles.

The trial court found that two hundred and twenty-five thousand shingles was an average carload (which finding is supported by the proof); that appellee was damaged 22 cents per thousand shingles on the nine-

teen cars not shipped, or $940.50 on those cars; that in the car shipped there were 273½ thousand shingles; that on that car the appellee was damaged 36 cents per thousand or $98.46; that appellee was entitled to $25 for brokers' commissions in selling the one car shipped; $22 for car service at Chicago and $1.90 for repairing broken bunches.

The proof shows that $15 was the highest price charged in Chicago for such commission, and there is no proof to sustain the car service charge or repair charge, excepting the mere fact that those items had been paid. The mere fact of payment, without proof of when or where the appellee became liable to pay them, or that the amounts were reasonable, cannot be taken as a basis for a judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*