### COHEN v. ONLY MOTOR CAR CO.

(Supreme Court, Appellate Division, First Department. March 14, 1913.)

Appeal from Special Term, New York County.

Action by Dudley H. Cohen against the Only Motor Car Company. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frederick Seymour, of New York City, for appellant.
Ogden L. Mills, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

McLAUGHLIN, J. (dissenting). The defendant appeals from an order denying its motion to vacate a warrant of attachment. The motion to vacate was made upon the same papers upon which the warrant was granted. I am unable, for the following reasons, to agree with a majority of the court that the order appealed from should be affirmed.

The action is brought to recover $14,244, damages for the breach of a written contract to deliver a certain number of automobiles. The contract is alleged to have been made on or about the 3d of September, 1912, and its terms were, in substance, that the defendant agreed to sell and deliver to the plaintiff 200 cars per year at the net price of $1,000 each for touring cars and $800 each for runabouts, in allotments of "$1/12$ thereof each month during the term of said contract"; and also one demonstrating car, to be delivered during the month of October, 1912, for $1,000, which sum was paid at the time the contract was executed. The complaint contains five separate causes of action: (a) To recover the $1,000 paid at the time the contract was executed; (b) to recover $7,500 damages sustained by subagents appointed by the plaintiff for his failure to deliver to them 40 touring cars and which sum he is liable to pay; (c) to recover $2,500 damages alleged to have been sustained by the plaintiff by reason of his inability to deliver 40 cars which he had contracted to sell; (d) to recover $444 damages, expenses alleged to have been incurred by the plaintiff in preparing to carry out the contract; and (e) to recover $2,800, profits which plaintiff alleges he would have made upon certain equipments on the cars had they been furnished under the contract.

The trouble with the plaintiff's case, as I read the papers, is that he failed to show he has a cause of action against defendant. The contract is executory, and there are no allegations in the complaint or any facts set out in the affidavits from which it can be seen that the plaintiff has performed on his part. As stated, the contract was executed on or about September 3d, and the first act of performance under it, so far as plaintiff was concerned, was to take and pay for, on or before October 3d, one-twelfth of the yearly allotment of 200 cars. The contract specifically provided, in this respect:

"That by the terms of said agreement, the defendant agreed to sell and deliver to the plaintiff 200 cars per year at the net price of $1,000 each for touring cars and $800 each for runabouts, in allotments of $1/12$ thereof each month, during the term of said contract."

There is nothing in the complaint or affidavits, from which it can be seen or even inferred that the plaintiff offered or was ready, willing, or able to perform his part of the agreement; that is, to take and pay for 16 cars within one month after the contract went into effect. The demonstrating car was to be delivered during the month of October; and therefore there was no default in its delivery until 27 or 28 days after the plaintiff became obligated to take and pay for at least 16 cars. Under the contract the conditions of delivery and payment of the 16 cars were concurrent, and in order to put the defendant in default the plaintiff had to show that he was not only ready and willing to perform, but that he tendered performance. Lester v. Jewett, 11 N. Y. 453. The plaintiff was not entitled to the demonstrating car unless he had performed the contract upon his part at the time such car was to be delivered, nor could he, without showing such performance, recover back the $1,000 paid. There is nothing in the papers upon which the warrant of attachment was granted, as I read them, to show performance by him. It does not appear that he even offered to perform, or, had such offer been made, that he had the ability to carry out the same.

I am of the opinion the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.

SCOTT, J., concurs.