THE CITY OF WATERTOWN, Respondent, *v.* JASON FAIRBANKS, Appellant.

Under the charter of the city of Watertown of 1869 (chap. 714, Laws of 1869), no authority is given to assess any portion of the expense of building a sewer on property in any portion or subdivision of the city to be fixed and determined by the assessors which they may deem benefited by the improvement.

The only source or fund out of which the expenses can be paid is "the highway fund," which is to be raised by taxation in the manner prescribed in the said charter.

The common council of said city, by resolution, authorized the construction of a sewer in a street of the city, and directed the assessors to assess one-half of the expense thereof, as a local improvement, upon the property adjoining, which was benefited. In an action brought under the charter to recover from the owner of property assessed an assessment so made, *held*, that the fact that the defendant had connected his drain with the sewer was not a waiver of his right to object to the validity of the assessment.

The assessment was made prior to the amendment to said charter of 1871 (chap. 810, Laws of 1871). *Held* (EARL and REYNOLDS, CC., dissenting), that the provision of said amendment (§ 38) confirming the acts of the common council theretofore done in reference to the construction of sewers did not validate the assessment, as the section itself, so far as it relates to the confirmation of assessments, was unconstitutional and void, being in violation of section 16 of article 3 of the State Constitution, declaring that no private or local bill "shall embrace more than one subject, and that shall be expressed in the title;" a provision confirmatory of all previous unauthorized assessments is not in any sense an amendment of the charter.

*People* v. *Briggs* (50 N. Y., 553) distinguished.

(Submitted September 29, 1874; decided May term, 1875.)

THIS action was brought under the charter of plaintiff (§ 13, title 6, chap. 714, Laws of 1869) to recover an assessment upon defendant's property for the construction of a sewer.

The common council of the city, in September, 1870, passed a resolution directing the construction of a sewer through Arsenal street, and directing the assessors "to assess one-half the expense thereof, as a local improvement, on the property in said street adjoining and benefited thereby." Under this resolution the assessors made the assessment in question. Defendant was a resident of the city and the owner of real estate adjoining the street. After the sewer was constructed

defendant connected the drains on his premises therewith. Defendant claimed that the charter gave no power to make such an assessment. Plaintiff claimed it to be valid; but if not, that it was validated by section 38 of the act of 1871 amending the charter. (Chap. 810, Laws of 1871.) The act is entitled "An act to amend an act entitled 'An act to incorporate the city of Watertown,' passed May 8, 1869, and to confirm the acts of the common council in reference to local assessments for local improvements." *Held* (EARL and REYNOLDS, CC., dissenting), as above stated. Various other questions were discussed in the prevailing opinion, which were not concurred in by a majority of the commission.

*D. O'Brien* for the appellant.

*M. H. Merwin* for the respondent.

LOTT, Ch. C., reads for reversal; GRAY and DWIGHT, CC., concur in result on ground that section 38 of the amendatory act of 1871, so far as it relates to the confirmation of assessments, is void, being in contravention of section 16, article 3, of the State Constitution.

EARL, C., reads for affirmance; REYNOLDS, C., concurs.

Judgment reversed and new trial granted.