(83 Misc. Rep. 12.)

### DE PASS et al. v. STODDARD et al.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

SALES (§ 85*)—CONSTRUCTION OF CONTRACT—"AT EXPIRATION OF FIVE MONTHS"—"AT."

   Defendants, the owners of and engaged in manufacturing a certain patented machine, agreed, in consideration of $400 cash received from plaintiffs, to deliver them one of the machines; the contract providing that "at the expiration of five months" from the date of shipment, if the machine was returned in first-class condition, for the reason that plaintiffs were unable to do any business in connection therewith, defendants would refund the $400 deposit. The machine was shipped to plaintiffs at Buenos Ayres on March 27, 1912, and on July 9, 1912, they notified defendants of their intention to return it on its arrival in New York, where it arrived August 20th, but owing to delay in the custom house it was not returned to defendants until September 10th, when it was refused, because not tendered within five months from the date of shipment. *Held*, that the clause quoted did not mean, either that the machine must be returned, or that defendants would refund the deposit, precisely at the expiration of five months, the word "at" being used to denote nearness, closeness, or proximity to the time designated; and plaintiffs were entitled to return the machine and receive the deposit within a reasonable time after the expiration of five months from the date of shipment, the reasonableness

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the time depending on all the circumstances of the case, situation of the parties, distance, and unavoidable delay attending the passage of the machine through the customs.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 236–238; Dec. Dig. § 85.*

For other definitions, see Words and Phrases, vol. 1, pp. 593–599; vol. 8, p. 7585.]

Appeal from Municipal Court; Borough of Manhattan, First District.

Action by Elliot A. De Pass and others against James B. Stoddard and others, doing business as the Mercantile Advertising Company. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Albert L. Cohn, of New York City (William King Hall, of New York City, of counsel), for appellants.

Root, Clark & Bird, of New York City, for respondents.

SEABURY, J. This action is brought to recover $400 deposited by plaintiffs with defendants pursuant to the terms of an agreement entered into by the parties. The facts are undisputed. In March, 1912, the defendants were the owners and engaged in the manufacture of a certain patented machine known as the "Everflowing Bottle" machine. The defendants agreed, in consideration of $400 in cash from the plaintiffs, to deliver one of these machines to the plaintiffs. The contract also contained the following provision:

"It is further understood that *at* the expiration of five (5) months from the date of shipment if this machine is returned to our [defendants'] office in first-class condition, all charges prepaid, for the reason that you [plaintiffs] are unable to do any business on said device, we [defendants] will refund to you [plaintiffs] the deposit made of $400 as aforesaid."

On March 22, 1912, the plaintiffs, pursuant to said agreement, deposited the sum of $400 with the defendant and instructed them to ship said machine. The machine was shipped to the plaintiffs at Buenos Ayres on March 27, 1912. The plaintiffs tendered the machine back to the defendants on September 10, 1912, and demanded the return of the $400 deposit. The defendants refused to accept the machine or to return the $400. The plaintiffs, within four months from the date of shipment, to wit, by letter of July 9, or 10, 1912, notified the defendants of their intention to return said machine upon its arrival in New York. The defendants, by letter of July 11, 1912, stated that when said machine was delivered at their office and they found it in good condition they would mail the plaintiffs their check for $400 in accordance with their agreement.

It was conceded that the plaintiffs were unable to do any business on said machine, and that when the plaintiffs tendered the machine to defendants it was in first-class condition. The machine reached New York within five months from the date of shipment, to wit, August

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

20, 1912, but, owing to delay with the custom house, was not returned to defendants until September 10, 1912, when the defendants refused to accept it, on the ground that it was not tendered within five months from the date of shipment.

In construing this clause of the contract, regard must be had to the situation of the parties and the intent or purpose which they had in mind in making the contract. It is clear that the clause quoted did not require the plaintiffs to return the machine before the expiration of five months from the date of shipment. It is also clear that, if the machine had been returned prior to the expiration of five months, the defendants could not have been compelled to return the deposit until the expiration of the five months. The undertaking of the defendants that "at the expiration of five months," if the machine is returned, they would refund the deposit, does not mean either that the machine must be returned or that the defendants would refund the deposit precisely "at the expiration of five months." Commercial contracts are not to be read as if they were railroad time-tables, but are to be reasonably and fairly interpreted, with a view to giving expression to the real intent of the parties. In this way only is it possible to so employ legal rules of construction that they become instrumentalities of justice, rather than arbitrary standards, the application of which results in an interpretation foreign to what the parties intended.

The word "at," as employed in the clause quoted, was obviously not intended to designate the precise instant of time when the machine should be returned or the deposit refunded. On the contrary, it was used to denote nearness or closeness or proximity to the time designated. So construed, the clause of the contract required the return of the machine and the refunding of the deposit within a reasonable time after the expiration of five months from the date of shipment. What was a reasonable time depended upon all the circumstances of the case, including a consideration of the situation of the parties, the distance which the machine must have been sent in order to be returned, and the unavoidable delay attendant upon the passage of the machine through the custom house. As the facts are undisputed, and the only question of law involved has been determined upon this appeal, there is no reason for ordering a new trial.

The judgment is therefore reversed, with costs, and judgment is awarded for the plaintiffs for the amount demanded in the complaint, with costs. All concur.