City of Buffalo, Respondent, *v.* Strong & Co. et al., Defendants, and United States Trust Company of New York, as Substituted Trustee under the Will of Henry S. Redmond, Deceased, et al., Appellants.

Fourth Department, November 16, 1951.

*M'Cready Sykes* for United States Trust Co. of New York, as trustee, and others, appellants.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Emil L. Cohen* of counsel), for Superintendent of Banks and others, appellants.

*Fred C. Maloney, Corporation Counsel, Edward A. Silliere* and *Elmer S. Stengel* for respondent.

KIMBALL, J. This action was for a declaratory judgment. The question presented was whether the City of Buffalo had the right to recall for payment a $500,000 issue of water bonds, bearing interest at the rate of 4% per annum, at any time, in the sole discretion of the city council, on and after October 10, 1928. The bonds were issued as of October 10, 1908, under the legislative authority embodied in chapter 203 of the Laws of 1906, chapter 84 of the Laws of 1907 and chapter 724 of the Laws of 1907. The original act of 1906 authorized the city to issue $2,500,000 of its bonds at 3½% interest. The bonds were made payable " at the end of a term of fifty years from date of issue ". The act also provided: " the right, however, is

reserved by the common council of the city of Buffalo to repay at any time after the expiration of twenty years all or any part of these bonds ''. Thus, under the original act of 1906, there was a mandatory or unqualified right on the part of the council to call and repay all or any part of these bonds '' *at any time* after the expiration of twenty years ''. (Italics supplied.) No discretion as to recall was vested in the council at the time of the issuance of the bonds.

Chapter 84 of the Laws of 1907 was amendatory of the 1906 act. That act merely changed the rate of interest from 3½ to 4%. We then come to the amendment of the 1906 act by chapter 724 of the Laws of 1907. This chapter of the Laws of 1907, in its title, recited that it was an act to amend chapter 203 of the Laws of 1906 and set forth the title of the 1906 act. The title of chapter 724 of the Laws of 1907 also set forth the following: '' and to validate proceedings heretofore taken for the authorization and sale of bonds under said act, and to authorize the issuance of bonds pursuant to said proceedings, payable in fifty years without option of prior payment ''. It appears that some bonds had been issued or contracted for without the inclusion of the call feature provided in the 1906 act. These bonds were thus validated by one paragraph of chapter 724 of the Laws of 1907. By another paragraph of the same act, the Legislature eliminated the mandatory call feature which gave authority to the council to repay the bonds or any of them '' at any time after the expiration of twenty years '' and substituted therefor the following call features: '' provided, however, that the common council may, in its discretion, reserve in the resolution ordering the sale of said bonds, or any of them, the right to repay or recall said bonds, or any of them, at the expiration of twenty years from the date of issue ''. Pursuant to the amendment by chapter 724 of the Laws of 1907, the bonds in question contained this provision: '' The City reserves the right to recall or repay this bond at the expiration of twenty years from its date of issue ''. The twenty years expired on October 10, 1928. The plaintiff city asks judgment that the $500,000 bond issue of October 10, 1908 '' may be recalled or repaid at any time up to October 10, 1958 ''.

The City of Buffalo contends that it has the right to recall and repay these bonds at any time, in its discretion, between October 10, 1928 (the expiration of twenty years from date of issue) and October 10, 1958 (the due date of the bonds). The bondholders, on the other hand, contend that the City of Buffalo had only the right to recall and repay at the expiration of twenty

years from date of issue (October 10, 1928) or, at most, a reasonable time thereafter. No one contends that this action was brought within a reasonable time after October 10, 1928, so that the issue before the court is very narrow. Do the words " at the expiration of twenty years " mean a definite date, (i.e. October 10, 1928) or do they mean that the city may exercise the option at any time after the expiration of twenty years from the date of issue? The judgment of the trial court has declared that the bonds may be recalled or repaid at any time up to October 10, 1958, and from this judgment and the order directing judgment, the defendants have appealed.

The trial court in reaching its decision, evidently relied upon the opinion in *East Side Savings Bank of Rochester* v. *City of Buffalo* (104 N. Y. S. 2d 110), which was written in 1936 and but recently reported. It also relied upon a further amendment to the 1906 act enacted in 1909, subsequent to the issuance of the bonds here in question. (L. 1909, ch. 349.) This amendment increased the authorized issue to $3,500,000 and inserted in the reservation of repayment clause the words " any time after ". The title to said chapter 349 of the Laws of 1909 states that it is an act to amend chapter 203 of the Laws of 1906 as amended and that one of the purposes is " to make said act more certain ". We do not agree with the conclusion reached by the court in the *Rochester Savings Bank* case. Nor do we think that any attempted legislative construction of the 1906 act, as amended in 1907, by the act of 1909, has any binding effect upon a judicial construction of the 1906 act as amended in 1907 nor may the rights of the parties be determined by the subsequent legislation. " Doubtless the legislative construction of the earlier statute is without binding force in any judicial proceeding ". (*City of New York* v. *Village of Lawrence,* 250 N. Y. 429, 447.)

The City of Buffalo had reserved an option to call these bonds for payment " at the expiration of twenty years ". An option must be exercised according to its terms. We are of the opinion that the phrase " at the expiration of " fixes a definite date for the exercise of the option and that the words " at any time after " or similar words may not be added thereto by implication so as to give to the city a period of thirty years within which, in its sole discretion, it may call and pay the bonds. This was not the contract and it would be palpably unfair to the bondholders to strain the construction of the unambiguous language used so that the obligor might take advantage of the money market and its own financial condition for its own benefit.

We think the City of Buffalo must stand by its contract as made in 1908 and that judicial authority fully sustains the position taken by the appellants. We think that the phrase "at the expiration of" defines a limit of time; that it does not mark the beginning of a period; that if the city was to exercise its option, it had to do so "at the expiration" of twenty years and that the words "at any time after" may not be read into the statute or the bonds. (*Lester* v. *Jewett*, 11 N. Y. 453; *Ferree* v. *Moquin– O.-H. Coal Co.*, 29 Misc. 624; *De Pass* v. *Stoddard*, 83 Misc. 12; *Fine Realty Co.* v. *City of New York*, 53 Misc. 246; *Maier* v. *Rebstock*, 92 App. Div. 587; *Schweinburg* v. *Altman*, 145 App. Div. 377; *Railway Advertising Co.* v. *Posner*, 35 Misc. 285.) The same conclusion has been reached in other jurisdictions. (*Davis* v. *Godart*, 131 Minn. 221; *Thompson* v. *Fairleigh*, 300 Ky. 144.) We distinguish the decisions in *Matter of Szumrak* (278 F. 803) and *Matter of Ruddy* ([1872] L. R. 2 P. & D. 330). No option to be exercised was involved in those cases.

The judgment and order appealed from should be reversed and the motions of the defendants for judgment on the pleadings granted. The defendants are entitled to a declaratory judgment in their favor in accordance with this opinion.

PIPER, J. (dissenting). I cannot agree with the decision of the majority. I think the opinion of the Special Term is logical and convincing and should be followed. I also dissent for the following reasons:

Section 15 of article III of the New York Constitution is as follows: "No private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title."

The original act, chapter 203 of the Laws of 1906, was entitled: "An Act to authorize the city of Buffalo to issue its bonds for the purpose of extending and improving the supply of water to the city and its inhabitants."

In this act the rate of interest on the bonds was fixed at 3½%. The bonds were to mature in fifty years from their date of issue, with this provision in the statute: "the right, however, is reserved by the common council of the city of Buffalo to repay at any time after the expiration of twenty years all or any part of these bonds."

Apparently the city was unable to sell bonds bearing interest at the rate of 3½% as an act was passed at the regular 1907 session of the Legislature (L. 1907, ch. 84), entitled: "An Act to amend chapter two hundred and three of the laws of nineteen

hundred and six, entitled 'An act to authorize \* \* \* inhabitants,' in relation to the rate of interest on said bonds.''

The only change in the statute made by this amendment was to increase the interest rate from 3½ to 4%.

Apparently the city advertised a part of the authorized issue and in the council resolution and in its advertisement failed to provide for the call feature as required by the statute. To correct this error it was necessary to go back to the Legislature for a validating act. This statute is the one that is the subject of this litigation. It is chapter 724 of the Laws of 1907 and is entitled: '' An Act to amend chapter two hundred and three of the laws of nineteen hundred and six, entitled 'An act to authorize the city of Buffalo to issue its bonds for the purpose of extending \* \* \* and its inhabitants,' as amended by chapter eighty-four of the laws of nineteen hundred and seven, and to validate proceedings heretofore taken for the authorization and sale of bonds under said act, and to authorize the issuance of bonds pursuant to said proceedings, payable in fifty years without option of prior payment.''

It will be noted that there is nothing in the title as to authorizing any change in the right to call bonds '' at any time after the expiration of twenty years '' except as to those which the city had already provided for issuance in '' proceedings heretofore taken.'' Without having in mind the above-quoted constitutional provision it would appear that the act had two purposes, (1) to change the language in section 1 of the statute in reference to the call feature from '' the right, however, is reserved by the common council of the city of Buffalo to repay at any time after the expiration of twenty years all or any part of these bonds '' to '' provided, however, that the common council may, in its discretion, reserve in the resolution ordering the sale of said bonds, or any of them, the right to repay or recall said bonds, or any of them, at the expiration of twenty years from the date of issue '' and (2) to validate the proceedings theretofore taken in the issuance of certain of its bonds pursuant to the 1906 act and the amendment by chapter 84 of the Laws of 1907, and appellants have so construed it.

However, having in mind the constitutional provision, and that the city authorities had taken proceedings including the adoption of a resolution providing for fifty-year bonds '' without reserving the right of prior payment,'' and the bonds had been advertised for sale in accordance with the resolution, it seems probable that the act (L. 1907, ch. 724) had only one purpose, i.e., to validate that particular issue of bonds and that

the purpose of section 1 was to conform the language of the statute with the resolution of the council and the advertisement for the sale of those bonds. If we so construe the act it does not offend against the provisions of section 15 of article III of the Constitution. If we accept the appellants' construction then does it not contravene the command that the subject "shall be expressed in the title" of a local bill? While I find no cases directly in point, the following seem to indicate such a result. (*City of Watertown* v. *Fairbanks,* 65 N. Y. 588; *Parfitt* v. *Furguson,* 159 N. Y. 111, 116, 117; *Economic Power & Constr. Co.* v. *City of Buffalo,* 195 N. Y. 286; *People ex rel. Lee* v. *Supervisors of Chautauqua County,* 43 N. Y. 10.) *Burke* v. *Kern,* (287 N. Y. 203) and *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234) might be cited as being contrary to this view, but they can be distinguished.

The compelling purpose of the bill we are considering was to ratify, confirm and validate the proceedings of the common council of the City of Buffalo which did not conform to the statute under which the council had acted, and it was so expressed in the title. A reading of the title would disclose no other purpose. The first section of the bill sought to amend the statute to conform it with that which had been done, and I think it had no prospective purpose or effect.

All concur with KIMBALL, J., except PIPER, J., who dissents and votes for affirmance in an opinion. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Judgment and order insofar as appealed from reversed on the law, with costs, and judgment directed in favor of the defendants, with costs in accordance with the opinion.