Bour v. Kimball.

JOHN R. BOUR ET AL.

v.

J. E. KIMBALL.

*Contracts.*

In an action brought upon a contract touching the advertising of defendants' business in a certain number of cars of a railroad company this court holds that he failed to give the requisite notice, in view of the terms thereof, of a desire to discontinue the same, and that the judgment against him in a sum named must be reversed.

[Opinion filed November 11, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. W. H. Richardson, for appellants.

Mr. W. A. Foster, for appellee.

Mr. Justice Gary. This is an action by the appellant upon a proposal accepted by them, and which they on their part performed, so far as at present appears, as follows:

"Illinois Central R. R. Advertising }
Department of Suburban Coaches· }
Chicago, June 1, 1891.
To Bour & Co., 59 Dearborn St., Chicago, Ill.:
You are hereby authorized and directed to place my card,

as per copy, to occupy one panel or space for the term of twelve months, in 100 suburban passenger coaches of the Illinois Central Railroad Company.

In consideration thereof, I hereby agree to pay to the order of Bour & Co. the sum of fifty dollars ($50) per month for the cards so placed; the rent to be paid each month during the term of this agreement, beginning June 1, 1891.

All copy for advertisements subject to the approval of officers of Illinois Central Railroad Company.

Cards or copy must be furnished five days in advance of beginning of contract.

I have privilege to discontinue at the end of three months by paying $25 in addition and giving thirty days' notice.

In case of delay of cards or copy beyond specified time, it shall be at advertiser's loss.

No verbal conditions made by agents will be recognized. All stipulations must be embodied in this contract.

This contract is personal, with no right to assign or sublet under it.

In case any cars are shopped for repairs, the advertiser shall receive a reduction from bill according to number of cars and length of time said cars are in shop.

J. E. KIMBALL."

August 31, 1891, the appellee sent to the appellant this letter :

" CHICAGO, August 31, 1891.

MESSRS. BOUR & CO.:

*Gentlemen:* This being the expiration of ninety days in which I was to try the experiment of advertising in Illinois Central cars, I desire to say that it has not proven remunerative to me and I will discontinue the same. Business is too dull to warrant continuing it now. Later it may warrant the expense. Will settle with you this month in full. Regretting this decision,

Yours truly,

J. E. KIMBALL."

This action was commenced on the third day of February, 1892, at which time the appellee had paid for only four

months of the advertising, although it was still continuing. The court below, trying the case without a jury, found that the sum of $25 and no more was due to the appellants, that being the sum to be paid on a discontinuance of the advertising by the appellee. This was error. The contract was for a whole year. If no privilege to discontinue had been reserved, the appellee could not have shortened the time. Having the privilege he must use it according to its terms.

Thirty days previous notice and the payment of $25 were conditions precedent, and the only time at which the discontinuance could be required to take effect was the end of August. No notice given later than August 1st could be effectual. The principles which have been applied to the termination of leases where options were vested in the lessees, and to policies of insurance where the companies reserved the right to cancel are applicable here. Wood, L. & T., 108; Peoria M. & F. Ins. Co. v. Botto, 47 Ill. 516.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*