make all repairs and considerable alterations. The improbability of the story that an owner of property duly leased for a long term, and upon which the lessee had spent the substantial sum of over $1,200 for improvements, would, without consideration moving to her, make betterments not to benefit herself until after the lapse of nine years, may not count for much except to emphasize the necessity of proper proof of the alleged agency, which might not be presumed from their relation of husband and wife (Willson v. Underhill, 83 Hun, 233, 31 N. Y. Supp. 585; Valentine v. Applebee, 87 Hun, 1, 33 N. Y. Supp. 762), and as to which in the case there was practically no proof,—that the lessor had appointed her husband agent in this behalf, had manifested her will to that effect by a distinct statement for and to that purpose, or had acted so as clearly and unequivocally to recognize him as agent (McIntosh v. Battel, 68 Hun, 216, 22 N. Y. Supp. 805). All that was adduced in this respect was the testimony of the defendant, answering directly leading questions, that at the execution of the lease both the plaintiff and her husband were present, and that before the names were signed the husband said that he represented his wife, who made no remark thereabout; and, further, that the husband collected the rents, which, as it turns out, were more frequently collected by the son, and; save twice, were paid by check drawn to the order of the plaintiff. These incidents did not evidence that the husband was the wife's agent to bargain for the improvements of the building, nor can the carelessness of counsel in failing to move for dismissal supply evidence of such authority. The judgment should be reversed.

New trial ordered, with costs to the appellant to abide the event. All concur.

---

(29 Misc. Rep. 624.)

FEREE v. MOQUIN–OFFERMAN–HESSENBUTTEL COAL CO.

(Supreme Court, Appellate Term. November 29, 1899.)

ADVERTISING CONTRACTS—CONSTRUCTION.
    One contracting to pay for advertising for a year cannot after the end of three months relieve himself from liability for advertising made thereafter, by ordering the advertising stopped, where the contract provides that it "may be discontinued in three months."

Appeal from city court of New York, general term.

Action by Samuel P. Feree against the Moquin-Offerman-Hessenbuttel Coal Company. From a judgment of the general term affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Cameron & Hill, for appellant.
Charles N. Judson, for respondent.

LEVENTRITT, J. This action is brought to recover the unpaid balance of the agreed value of certain advertising furnished the defendant by the plaintiff. The latter did business under the name

of the Surface Railway Advertising Company. On July 6, 1895, the parties entered into the following contract:

"The Surface Railway Advertising Co. is hereby authorized to insert our advertisement for the term of twelve months from the average time of the same being placed in the cars (of which due notice will be given), in one space, 11x21 inches, in 150 cars of such railway lines as indicated by indorsement on the back of this contract, and for which we agree to pay the said Surface Railway Advertising Company the sum of sixty-seven $50/100$ dollars per month, in monthly payments, during the term of this contract. This contract may be discontinued in three months upon payment of $7$50/100$ per month additional. The contract to date from July 15, '95, and the Advertising Co. to furnish one set of signs. This contract is subject to the leases with, and the operations of, the railroads. Any loss of space or time to be, at the option of the Surface Railway Advertising Co., made good by additional space or time on any of said lines, or allowed for, pro rata, according to the price charged for the line or. lines in which such loss should occur. The rights under this contract are not assignable."

Pursuant to the contract the signs were placed in the required number of cars, and the defendant was duly notified. Three monthly installments were paid. At the expiration of the year this suit was brought to recover the installments for the remaining nine months. In its answer the defendant alleged that on the 2d day of November, 1895, it had notified the plaintiff that it desired to discontinue the advertisement on and after the 1st day of December, 1895, and that it had offered to pay at the contract rate for two months succeeding the 15th day of October, and $7.50 additional for each of five months, and that this offer was refused. On the trial the defendant sought to prove this defense, but was not permitted to do so. The judge, holding the contract to be clear and unambiguous, and construing its terms to mean that the option of discontinuance could be exercised only within three months after its date, excluded the written notice on the ground that it had been sent subsequent to the expiration of that period, and rejected parol evidence of the negotiations which led up to, and resulted in, the contract. The appellant claims that these rulings were erroneous, and that the verdict directed should not be permitted to stand.

It may be conceded that the instrument is ambiguous, in so far as it relates to the time when the right of discontinuance may be exercised. The language adopted by the parties is, "This contract may be discontinued in three months." This phraseology may reasonably be interpreted to mean either (1) that the contract might be terminated at any time within three months; or (2) at the expiration of three months. The several meanings of "in," as a preposition relating to time, necessary to arrive at these respective constructions, find support in the definitions of the lexicographers. Thus, the Century Dictionary (volume 3, p. 3024) has the following meanings of "in" as a preposition of time:

"(a) Of a point of time, or a period taken as a point; at. (b) Of a course or period of time; within the limits or duration of; during. (c) Of a limit of time; at the expiration of."

If the dispute between the parties were which of these meanings the language should bear, parol evidence would have been admis-

sible to show what sense the parties attached to the doubtful term, and of the prior negotiations which would have elucidated the intent sought to be expressed. Browne, Par. Ev. pp. 118, 179, 180; Bank v. Strever, 18 N. Y. 502, 508. It is not clear from the instrument whether the defendant could have availed itself of the privilege to end the contract at any time during the three months, or only on the last day of the three months. It is clear, however, that three months was the limit of the time, and that the right to discontinue did not extend beyond it. The difficulty with the contention of the appellant is that neither of these permissible constructions will sustain its alleged defense. To support that would unwarrantably invest "in" with the meaning "at any time after," for the notice of discontinuance was admittedly not sent until the fourth month. The appellant, adopting the definition "at the expiration of," unreasonably extends it by adding, in effect, the words "and at all times thereafter," so as to carry the option through the remaining nine months of the contract. But "at the expiration of" defines a limit of time. It marks the close of a period, not its beginning. When three months had expired the option could have been exercised. After that time the right was gone. It is obvious, therefore, that to have permitted parol proof to validate the attempted discontinuance in the fourth month would not have fixed which of two reasonable meanings the language imported, but would have substituted a third, destructive of the other two, and would practically have reformed the contract. The judgment should be affirmed.

Judgment affirmed, with costs to respondent. All concur.