(35 Misc. Rep. 285.)

RAILWAY ADVERTISING CO. v. POSNER et al.

(Supreme Court, Appellate Term. June, 1901.)

1. CONTRACT—CONSTRUCTION—NOTICE OF DISCONTINUANCE.
Plaintiff entered into a contract with defendants to insert their advertising cards for 12 months, beginning December 1, 1899, in certain street cars, giving the defendants the right to discontinue the contract at the end of three months by giving 30 days' notice and paying $25 per month additional. Held, that the last day for giving notice of discontinuance was January 30, 1900, and notice February 1, 1900, was too late.

2. ISSUES—SUBMISSION TO JURY.
Where an issue is without evidence to sustain it, it is error to submit the same to the jury.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by the Railway Advertising Company against Charles H. Posner and others. Judgment for defendants, and plaintiff appeals. Reversed.

For former opinion, see 65 N. Y. Supp. 226.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Einstein & Townsend, for appellant.

Cornelius F. Collins, for respondents.

PER CURIAM. This case turns upon a written contract between the parties, which is so plain as to scarcely require construction. The contract, which was dated November 26, 1899, authorizes the plaintiff to insert the defendants' advertising card in certain street surface cars "for a term of twelve months, commencing December 1st, 1899." The contract contained the following clause:

"Posner Bros. reserve the right to discontinue this contract at the end of three months, by giving the Railway Advertising Company 30 days' previous written notice, and paying $25 per month additional."

The contract thus, by its terms, began to run on December 1, 1899, and was to continue for one year, unless terminated in the manner therein prescribed. It could be discontinued only at the end of three months from the commencement of the term, or on March 1, 1900, and then only by giving the plaintiff 30 days' previous written notice. Thirty days prior to March 1, 1900, would have been January 30th. No such notice was given. On January 31st the defendants wrote to the plaintiff, requesting it to take their cards from the cars, and to keep them out for one month. On February 1, 1900, defendants wrote to the plaintiff, "We again notify you to discontinue our contract for advertisement in cars ending March 5th." Neither of these notices was effectual to end the contract, because neither was given thirty days before the expiration of three months after the commencement of the term. The letter of January 31st did not purport to be a cancellation of the contract, but merely a notice to keep the cards out for one month. The letter of February 1st, in addition to being too late, did not undertake to terminate the contract on March 1st, three months after the expiration of the term, but on a later date. The justice, under exception by plaintiff's counsel, submitted to the jury the question whether, by consent or acquiescence of the parties, the time for the commencement of the contract had been extended to December 5, 1899. There was no competent evidence to justify such a contention on the part of the defendants, and the submission of the question was error. The contract itself provided as follows: "Cards to be furnished by advertiser, and, in case of delay of copy or cards, it shall be at the advertiser's loss." The cards were not furnished until December 5th, but there was no evidence that the plaintiff would not have been able to place them in the cars if they had been received by December 1st. The defendant testified that when he made the contract he said to one of the plaintiff's officers, "How about printing?" to which the officer replied, "I will send you a printer." It appeared that the officer in question telephoned a printer to call on Mr. Posner, and that he did so at once, and received an order to print the cards. It was owing to delay in the printing of the cards that they were not ready to be inserted in the cars until December 6th. There is certainly nothing in this testimony to charge the plaintiff with the printer's fault, if he was in fault, in not having the cards printed in time. The plaintiff did not stipulate that it should select the printer, or even advise the defendants to employ any particular printer, but, more as a friendly act, at defendants' suggestion, sent a printer with whom the defendants might or might not make a contract. There was nothing to justify leaving the question of the extension of the contract to the jury, and, for the error in so doing, the judgment must be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and new trial ordered, with costs to abide event.