## No. 15,457.

### BENNETT'S, INC. *v.* KROGH.
(168 P. [2d] 554)

Decided April 22, 1946.

Mr. GEORGE H. LERG, for plaintiff in error.

Messrs. IRWIN & O'CONNELL, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF, Bennett's, Inc., which operated cafeterias, entered into written contract with defendent Krogh, whereby the latter was to receive and collect all garbage from plaintiff's cafeterias for a term of five years from its date and pay therefor at the rate of fifty dollars per month, advance payment of $2,000 being made upon execution of the contract. The written agreement contained the following clause: "It is mutually understood and agreed that the garbage collection service may be cancelled at the option of the first party at the end of six (6) months from date providing the service of the second party is not satisfactory and providing thirty days written notice of such fact is given to the second party together with a refund of the unused portion of the Two Thousand and no/100ths Dollars ($2,000.00) aforesaid," and time was made essential.

Twenty months after the date of the contract plaintiff served defendant with written notice of cancellation pursuant to the above recited provision of the contract specifying the grounds of his dissatisfaction and tendering a refund of the unearned portion of the $2,000 advance payment, to wit: $1,000. Defendant promptly advised plaintiff by letter that he denied plaintiff's right at that late date to cancel, under the contract provision above quoted, and plaintiff thereupon brought this action for declaratory judgment, setting forth the contract and notice and the resulting controversy, and praying for declaration of rights as to its cancellation and that the contract be declared terminated as of thirty days after service of said notice of cancellation. To this complaint defendant filed motion to dismiss for failure to state a claim upon which relief could be granted and the court sustained that motion with a ruling that the attempted cancellation was not made

within the time required by the contract. Error is here assigned to the court's ruling and to its dismissal of the cause.

The cancellation provision of the contract gave plaintiff the right to cancel only "at the end of six months from date." It mentions no such right to be exercised before or after the end of the six months' period, and time was made essential. It was the evident intention of the parties to provide for a six months' trial period, at the end of which time plaintiff could terminate the contract upon giving the prerequisite notice; otherwise, it would continue for the full term.

■ The cases are not in harmony as to the interpretation of such contracts. In *Fred Mosher Crain v. Kansas Co-op. Ass'n,* 136 Kan. 269, 15 P. (2d) 421, it was said that, "The option to terminate a contract is in the nature of a forfeiture, and it will be strictly construed," and, where the contract provided that either party might terminate the contract at the end of any contract year, to wit, June 15, upon condition of notice in writing prior to the first day of April, it was held that notice of cancellation given on April 17 was too late and would not terminate the contract, although it does not appear that time was made essential. In *Central Guarantee Co. v. National Bank of Tacoma,* 137 Wash. 24, 241 Pac. 285, the case upon which plaintiff in error principally relies, a five-year subscription contract was effective from the first day of January, and there was endorsed thereon the words, "Privilege to cancel at the end of 1st year by this bank." January 11—ten days after the termination of the first year—the bank gave notice of election to cancel. It was held that under the above-quoted provision, the bank had a reasonable time within which to exercise its option and that it did so within a reasonable time. In that case it will be noted that time was not made essential and that the notice was given ten days after the end of the time provided for cancellation; in the instant case time was made essential

and the notice was given fourteen months after the end of the time specified for cancellation. "Notice of an option to terminate must be given promptly or within a reasonable time." 17 C. J. S., p. 892, §402. What constitutes a reasonable time is ordinarily a question for the trier of facts, but a delay indisputably beyond the time permitted by proper construction of the contract is without reason as a matter of law. *Maier v. Rebstock,* 92 App. Div. 587. Whether, in the instant case, it was necessary for plaintiff to give written notice thirty days prior to the end of the six months' period, or whether such notice might be given within a reasonable time thereafter, we need not determine. The trial court held that notice and attempted cancellation after a delay of fourteen months beyond the time provided in the contract was not made within a reasonable time, and we hold that this ruling was correct as a matter of law even under a construction of the contract authorizing cancellation within a reasonable time after date of termination.

 It is further urged that the court erred in dismissing the cause upon the ground of failure of plaintiff to state a claim upon which relief could be granted. Where the complaint sets forth facts showing an actual controversy concering the construction of a contract and the case is otherwise proper for such adjudication, it sets out a proper claim for relief, and we believe the better practice is to require answer and proceed to decree on issue joined, even though the result be adverse to plaintiff. The statute provides that the declaration may be either affirmative or negative and the plaintiff is entitled to a declaration of the rights of the parties to the controversy, even though it be unfavorable to him. It has been held in other jurisdictions that the sufficiency of the complaint is not to be tested by a determination of the merits of the controversy. *Maguire v. Hibernia S. & L. Society,* 23 Cal. (2d) 719, 146 p. (2d) 673, and cases there cited. "To hold that

a plaintiff on the wrong side of a controversy is not entitled to the security and relief against uncertainty which a declaratory judgment affords would require us to read into the statute a limitation not there present." *Maguire v. Hibernia S. & L. Society, supra.*

However, the documents here to be interpreted fully appear in the complaint and the issue can be determined without further evidence. It was agreed in the trial court by the parties that there was involved solely the question of law presented by the complaint. The motion to dismiss admitted all the material allegations of the complaint and if there was error in the court's action in dismissing the case, it was without prejudice to plaintiff. We believe, that instead of sustaining the motion to dismiss upon determining the issue adverse to plaintiff, the court should have entered a declaratory judgment in accordance with its ruling on the intepretation of the contract clause involved. "Upon sustaining the city's demurrer, the Chancellor entered a decree dismissing complainant's bill. It seems to us that the better practice in a case brought under the Declaratory Judgment Law, * * *, is to enter a decree, sometimes referred to as a 'declaration,' defining the rights of the parties under the issues made, even though such decree is adverse to the contentions of the bill." *Frazier v. Chattanooga,* 156 Tenn. 346, 1 S.W. (2d) 786. See, also, *Moss v. Moss,* 20 Cal. (2d) 640, 128 P. (2d) 526.

Accordingly, the case is remanded with instructions to enter judgment declaring that the contract set out in plaintiff's complaint was not terminated nor in any way affected by plaintiff's pleaded notice attempting to cancel the same.