CITY OF BUFFALO, Appellant, *v.* STRONG & Co. et al., Defendants, and UNITED STATES TRUST COMPANY OF NEW YORK, as Substituted Trustee under the Will of HENRY S. REDMOND, Deceased, et al., Respondents.

Argued March 14, 1952; decided April 23, 1952.

Fred C. Maloney, Corporation Counsel (*Edward A. Silliere* and *Elmer S. Stengel* of counsel), for appellant. I. The phrase " at the expiration " does not have a precise meaning. (*Lester v. Jewett,* 11 N. Y. 453; *I. X. L. Furniture v. Berets,* 91 P. 279; *Rogers v. Burr,* 97 Ga. 10; *Weber Showcase & Fixture Co. v. Kaufman,* 45 Ariz. 397; *Ex parte Szumrak,* 278 F. 803; *In the Goods of Thomas Ruddy,* L. R. 2 P. & M. 330.) II. The phrase — " The City reserves the right to recall or repay this bond at the expiration of twenty years from its date of issue " — appearing on each bond clearly defines in this case the beginning of an option period and does not fix a date of call. (*Ex parte Szumrak,* 278 F. 803.) III. If a fixed date of call had been intended, the bonds would have stated that " The City reserves the right to recall or repay this bond on the 10th day of October, 1928." (*Road Dist. No. 2, Colorado Co., Texas v. Gregory,* 120 S. W. 2d 859.) IV. Unless the meaning of the language of a contract be plain and unambiguous, judgment on the pleadings is not proper.

*William S. Gaud, Jr.,* and *Heywood Shelley* for United States Trust Company of New York and others, respondents. I. The phrase " at the expiration of " has a fixed and definite meaning when used in connection with the granting of an option. (*Lester v. Jewett,* 11 N. Y. 453; *Fine Realty Co. v. City of New York,* 53 Misc. 246; *Ferree v. Moquin-Offerman-Hessenbuttel Coal Co.,* 29 Misc. 624; *Railway Adv. Co. v. Posner,* 35 Misc. 285; *Maier*

v. *Rebstock,* 92 App. Div. 587; *de Pass* v. *Stoddard,* 83 Misc. 12; *Schweinburg* v. *Altman,* 145 App. Div. 377; *Mogoffin* v. *Holt,* 62 Ky. [1 Duv.] 95; *Rogers* v. *Burr,* 97 Ga. 10; *Thompson* v. *Fairleigh,* 300 Ky. 144.) II. Chapter 724 of the Laws of 1907 should be construed in accordance with the established meaning of the phrase " at the expiration of " and not on the basis of speculation as to what the Legislature might have intended. (*Adler* v. *Deegan,* 251 N. Y. 467; *Johnson* v. *Hudson Riv. R. R. Co.,* 49 N. Y. 455; *People ex rel. Sheldon* v. *Board of Appeals of City of N. Y.,* 234 N. Y. 484.)

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* and *Wendell P. Brown* of counsel), for William A. Lyon, as Superintendent of Banks of the State of New York, and another, respondents. I. " At the expiration of twenty years from its date of issue " means the specific date of expiration twenty years from date of issue, or, at most, within a reasonable time thereafter. (*Lester* v. *Jewett,* 11 N. Y. 453; *Fine Realty Co.* v. *City of New York,* 53 Misc. 246; *Ferree* v. *Moquin-Offerman-Hessenbuttel Coal Co.,* 29 Misc. 624; *Taylor* v. *Blair,* 59 Hun 347; *Maier* v. *Rebstock,* 92 App. Div. 587; *Adler* v. *Deegan,* 251 N. Y. 467; *Schweinburg* v. *Altman,* 145 App. Div. 377, 207 N. Y. 681; *de Pass* v. *Stoddard,* 83 Misc. 12; *Railway Adv. Co.* v. *Posner,* 35 Misc. 285.) II. The legislative history of the statute supports respondents' position. (*People ex rel. Sheldon* v. *Board of Appeals of City of N. Y.,* 234 N. Y. 484; *Mabie* v. *Fuller,* 255 N. Y. 194; *Matter of Carter* v. *Kalamejski,* 255 App. Div. 694, 280 N. Y. 803.)

FULD, J. The City of Buffalo brought this action against the holders of its water bonds dated October 10, 1908, for a judgment declaring that such bonds are callable at any time before their maturity in 1958 at the option of the city. In its complaint — which set forth the text of the bonds as well as the text of the state and local action which led to their issuance — the city alleged that, although its common council had provided, by budgetary appropriations, sufficient funds for the recall and repayment of those bonds, it " cannot, without great peril to its financial standing and credit," recall the bonds for payment, without a prior determination that it has the right so to do. All of the present holders of the bonds, which are registered, were named as defendants.

Answers having been filed, several of the defendants moved for judgment on the pleadings, asserting as basis therefor that the city's right to call the bonds had long since expired. Though the trial court agreed with defendants that there was no triable issue, it held that the city was entitled to the declaration which it was seeking — that the bonds were subject to call at the option of the city at any time between October 10, 1928 and their maturity date in 1958.[1] Upon appeal, the Appellate Division likewise ruled that no triable issue existed; however, it held that the city's option had to be exercised, if exercised at all, during the year 1928 and granted judgment in favor of the defendant bondholders.

The bonds, aggregating $500,000, appear to have been issued in denominations of $1,000. The text of the individual bonds insofar as material reads in this way:

" The CITY OF BUFFALO in the State of New York for value received hereby promises to pay to the holder hereof registered according to the provisions endorsed hereon the sum of

- - - ONE THOUSAND DOLLARS - - -

on the 10th day of April 1958 with interest thereon at the rate of 4 per cent per annum payable semi-annually on the 10th days of October and April of each year both principal and interest being payable at the office of the Comptroller of the City of Buffalo or at the Gallatin National Bank of the City of New York as the purchaser hereof may elect.

The City reserves the right to recall or repay this bond at the expiration of twenty years from its date of issue.

This bond is issued by virtue and in pursuance of chapter 203 of the Laws of 1906 as amended by chapter 724 of the Laws of 1907 and of a resolution of the Common Council of the City duly passed and approved."

The controversy turns upon the meaning of the clause wherein " The City reserves the right to recall or repay this bond at the expiration of twenty years from its date of issue."

---

1. The same result had been reached in 1936 in a decision at trial term, from which no appeal had been taken, involving another issue of bonds under the same authorization. (See *East Side Sav. Bank of Rochester* v. *City of Buffalo,* 104 N. Y. S. 2d 110.)

Chapter 724 of the Laws of 1907, which authorized the city to issue bonds in the sum of $2,500,000 for the improvement of its water supply — of which the bonds here in question are a part — provided as follows: " They shall be sold or awarded as provided in section four hundred and ninety-two of the charter of said city; such bonds to bear interest at a rate not exceeding four per centum per annum, payable semi-annually at the office of the comptroller of the city of Buffalo or at the Gallatin national bank of the city of New York, as the purchaser may elect, the principal to be payable at the same place at the end of a term of fifty years from date of issue; provided, however, that the common council may, in its discretion, reserve in the resolution ordering the sale of said bonds, or any of them, the right to repay or recall said bonds, or any of them, *at the expiration of twenty years from the date of issue.*" (Emphasis supplied.)

The reservation in the bonds of the right to call them " at the expiration of twenty years from its date of issue " is in the language of the statute. We are therefore required to determine the meaning, not of a private contract — as to which extrinsic evidence might in a proper case be appropriate — but of a legislative act. Consequently, it follows that the courts below were correct in granting judgment on the pleadings.

By comparison with the text of modern bonds, the language of the bond before us is indeed laconic. (Cf. 3 Fletcher, Corporation Forms Annotated [3d ed., 1938], §§ 2602, 2916, 2917.) The contention of plaintiff city is that " at the expiration of " is equivalent to " at any time after ", and that it was therefore authorized to call the bonds at any time after October 10, 1928. Defendant bondholders, on the other hand, claim that " at the expiration " pin-pointed and designated a single day, namely, October 10, 1928, and that the city had the right to call the bonds on that day alone, or, at most, within a reasonable time after that day.

We agree with the city — which, we note, urged the same construction as it now does at least as long ago as 1936. (See *East Side Sav. Bank of Rochester* v. *City of Buffalo, supra,* 104 N. Y. S. 2d 110.) The manifest purpose of a call provision in a municipal bond is to enable the city either to employ its own funds to end the obligation to pay interest, or to take advantage

of an opportunity to borrow at lower rates. But a call privilege limited to a single moment of time twenty years hence is the thinnest of sporting chances and has no place in either intelligent borrowing or intelligent investment. Defendant bondholders have not referred to a single instance of any other bond, either private or governmental, with a call provision such as they claim this to be, and our own research has failed to discover any.

To attribute such an intention to the legislature is inherently unreasonable. That body evidently considered that it had effected a reasonable compromise and balance between the desires of the borrower and those of the lender, by assuring the latter an indefeasible right to interest for twenty years and by giving the former the freedom to terminate its obligation thereafter. All the other signs point in the same direction. For example, the right to call all or part of the bonds evidently contemplated the possibility that the bonds might be retired in installments, and therefore negatives the suggested limitation to a single exercise of the right at one point of time. Moreover, the discretion left to the common council to include or omit the call provision assumed that the call provision had some substance and might, for that reason, be unacceptable to prospective investors — a discretion that would be wholly incongruous if the call provision meant only what the bondholders now claim. Since the sale of the bonds with the call provision included was successful, we conclude that the purchasers accepted the risk of the termination of their investment in accordance with ordinary call practice.

The bondholders place great emphasis on a change in the language of the enabling legislation. The bond issue was originally authorized by chapter 203 of the Laws of 1906, which specified a rate not to exceed $3\frac{1}{2}\%$ and required that the right be reserved to " repay at any time after the expiration of twenty years all or any part of these bonds." Apparently, the interest rate proved too low and, the following year, by chapter 84 of the Laws of 1907, the statute was amended to provide for a rate not to exceed $4\%$. The city then proceeded to sell some of the bonds so authorized, but failed to include any provision entitling it to call them prior to their maturity. Once again, the legislature was appealed to, and by chap-

ter 724 of the Laws of 1907, it changed the language of the authorization to read as quoted above, and at the same time validated the bonds already sold. Defendants point to the phraseology in the original 1906 measure — " at any time after the expiration of twenty years " — and contrast it with the language in the later 1907 act — " at the expiration of twenty years " — urging that the change was meaningful. We are unable to conclude that any change of substance was intended. Other language alterations there were, and they plainly carried with them no legal consequences: the earlier statute described the option as one " to repay ", the later language, as a right " to repay or recall ". We perceive no basis for attaching any greater significance to the one change than to the other. And, indeed, the legislature appears to have been of the same opinion; chapter 349 of the Laws of 1909, which amended the legislation just discussed, recites that one of its purposes was " to make said act more certain." The amendment empowered the city to increase the authorized issue to $3,500,000, and, in addition, inserted in the repayment clause the words " any time after ", so that it read " at any time after the expiration of twenty years from the date of issue." While that legislative construction may be " without binding force " (*City of New York* v. *Village of Lawrence,* 250 N. Y. 429, 447), it does confirm the conclusion that we reach, without reliance upon the amendment, that no change was effected by the 1907 legislation that is here of relevance.

Our attention has been called to a number of cases wherein the expression " at the expiration " or some similar language was used — in some of which it was held to mean the " particular day " specified or a " reasonable time " thereafter (e.g., *Lester* v. *Jewett,* 11 N. Y. 453, 454; *Maier* v. *Rebstock,* 92 App. Div. 587, 589; *Thompson* v. *Fairleigh,* 300 Ky. 144), and, in others, " at any time after " the date specified (e.g., *Ex parte Szumrak,* 278 F. 803; *In the Goods of Thomas Ruddy,* L. R. 2 P. & M. 330). Study of those decisions establishes only that the phrase can have no absolute or inalterable signification and that it takes on meaning and color from the context and setting in which it is found. (Cf. *Surace* v. *Danna,* 248 N. Y. 18, 21; *Towne* v. *Eisner,* 245 U. S. 418, 425; *Cabell* v. *Markham,* 148 F. 2d 737, 739.) As already indicated, it is our conclusion

that, in its present context, the design of the option was to render the bonds callable at any time after they had been outstanding for twenty years.

The judgment appealed from should be reversed, with costs in this court and in the Appellate Division, and judgment directed adjudicating and declaring the rights of the parties in accordance with the views expressed in this opinion.

DYE, J. (dissenting). We all agree, including the parties, that this is a proper case for a judgment on the pleadings and that the registered 4% water bonds sought to be called for payment were validly issued under date of October 10, 1908, the principal payable fifty years from date, viz., October 10, 1958, subject to the condition that " The City reserves the right to recall or repay this bond at the expiration of twenty years from its date of issue." (L. 1906, ch. 203, as amd. by L. 1907, chs. 84, 724; resolution duly adopted by Common Council of the City of Buffalo, March 25, 1908, and approved by the Mayor April 6, 1908.)

The city by this action seeks a judgment declaring that the language of such reservation gives it the right to repay or recall the bonds or any of them, at any time during the period October 10, 1928, and October 10, 1958, which right the bondholders, the respondents herein, assert the city lost when it failed to call or repay said bonds or any of them, on October 10, 1928, or at the very least within a reasonable time thereafter.

The problem thus sharply presented turns on the meaning of the phrase " at the expiration of twenty years from its date of issue " — or to state it quite simply, what is the call date of the bonds?

A majority in the prevailing opinion have dealt with the problem as one of statutory construction rather than one of contract law in order to arrive at the conclusion that the controverted words " at the expiration of " as used in the bond, are equivalent in meaning as if the phrase " at any time after " had been used.

We are unable to agree with either the premise or the conclusion. While it is true that an enabling act was a necessary prerequisite to the issuance of the bonds as a valid municipal

obligation, it is equally true that when the bonds were issued in pursuance thereof, and sold for value, the bond itself became the document which fixed the rights of the city vis-à-vis the party who chances to own it. The bond is an evidence of debt — the language of which must be given effect in accordance with ordinary usage. It is only when the wording is ambiguous and uncertain that extrinsic evidence may be employed to clarify the meaning. The words " at the expiration of " when considered in context are neither meaningless nor ambiguous. The use of the phrase " at the expiration of " to designate a fixed point of time is nothing new in legal terminology. It is a common expression often used in the market place and has come to have such a generally accepted meaning that it may be regarded as a phrase of art. As far back as *Lester* v. *Jewett* (11 N. Y. 453, 459 [1854]), a leading case and followed since, a contract containing an option to purchase stock " at the expiration of one year from [this] date " was held to designate a fixed date in point of time and we refused to give effect to an attempt to exercise the option one day too late. This meaning has been consistently followed in the lower courts (*Fine Realty Co.* v. *City of New York,* 53 Misc. 246; *Railway Adv. Co.* v. *Posner,* 35 Misc. 285; *Ferree* v. *Moquin-Offerman-Hessenbuttel Coal Co.,* 29 Misc. 624; *Maier* v. *Rebstock,* 92 App. Div. 587; *de Pass* v. *Stoddard,* 83 Misc. 12). The same meaning has been adopted in many of our leading foreign jurisdictions (*Bour* v. *Kimball,* 46 Ill. App. 327; *Magoffin* v. *Holt,* 62 Ky. [1 Duv.] 95; *Abell* v. *Bishop,* 86 Mont. 478; *Markley* v. *Godfrey,* 254 Pa. 99), and other jurisdictions allow a reasonable time after the expiration of the stated period (*Weber Showcase & Fixture Co.* v. *Kaufman,* 45 Ariz. 397; *Howard* v. *Galbraith,* 13 Cal. App. 373; *Rogers* v. *Burr,* 97 Ga. 10; *Davis* v. *Godart,* 131 Minn. 221; *McDougall* v. *O'Connell,* 72 Wash. 349). No reported case has been called to our attention and my own research has disclosed none and none is pointed to in the prevailing opinion, holding that in point of time the phrase "at the expiration of " may be exercised " at any time after " the expiration of the fixed period. In *Thompson* v. *Fairleigh* (300 Ky. 144 [1945]), authorities interpreting the phrase " at the end of " and " at the expiration of " are carefully reviewed leading to the conclusion that authorized action taken within a reasonable time will satisfy the contract.

The use of the words " at the expiration of " in a municipal bond presents no different problem and requires no different solution than when used in any other chose in action or contract whether of a public or private nature. In fact because a bond is an obligation under seal and is fully negotiable, there is all the more reason that its phraseology should be interpreted in harmony with recognized authorities, for it is axiomatic that in dealing with a problem of construction like phrases should be accorded a like meaning.

The parties themselves have had no difficulty with the controverted phrase since the issuance of this bond until the commencement of the within litigation. The city had by express reservation a right to call all or any part of the bonds " at the expiration of twenty years from [the] date of issue ". When that date arrived on October 10, 1928, the city failed to exercise its unquestioned call privilege as it had the right to do, and by such omission must now be deemed to have abandoned and forfeited such right. After nearly forty-five years of practical construction in harmony with the authorities that have spoken on the subject, they now seek to attribute a contrary meaning by asking us to import into the terms of these seasoned bonds words they did not use, because not authorized by the enabling act at the time, in order to arrive at a meaning not expressed. Reformation of the terms of a written instrument may be had only when the proof is clear and unequivocal that a change is necessary to correct a mutual mistake or set same aside on the ground of fraud. Here no such grounds exist, for concededly the bonds were issued and sold pursuant to State statute and duly adopted resolution of the Buffalo Common Council. We may not attribute to the purchasers the acceptance of any condition relating to call before maturity not expressed in the bond. For purposes of our problem it matters not that the city can now refund at a lower rate of interest or that the call privilege reserved is not in accordance " with present day call practice," or that the text of these bonds differs from " any other bond " or that the call privilege is limited " to a single moment of time twenty years hence " and thus make it " the thinnest of sporting chances ". Not one of such factors — even if proof thereof existed — and it does not, are controlling here. We may look only to the condition as expressed in the language of the bond itself.

However, since the prevailing opinion has found the solution it sought by resorting to a construction of the enabling act, it would be amiss if we did not point out that we read the same statute with a different result. Originally, chapter 203 of the Laws of 1906, insofar as pertinent, provided for a call privilege " at any time after the expiration of twenty years " which language, we submit, was a clear expression of legislative intent authorizing the city to pay the bonds in whole or in part at their option " at any time after twenty years ". However, and before any bonds were issued containing a call privilege expressed in such language, the act was amended by chapters 84 and 724 of the Laws of 1907, the effect of which was to increase the interest rate from 3½ to 4% per annum, and to strike out words originally used " at any time after " and substitute in place thereof " at the expiration of ". This was a most significant and important change, for it was not until the wording of the enabling act was so revised that the bonds issued in conformity thereto found a market. It was a deliberate and calculated change designed to limit the call privilege in the manner and to the extent stated. It was not a careless and inadvertent piece of draftsmanship but, on the contrary, a clear, concise and meaningful expression of legislative intent. But this was not all. Following the issue of the bonds containing the call privilege in the statutory language " at the expiration of " the Legislature again dealt with the subject by enacting another amendment giving the city the right to call its bonds " at any time after the expiration of twenty years " (L. 1909, ch. 349) thus demonstrating beyond doubt that it knew and understood that the phrases " at the expiration of " and " at any time after " have a different meaning in designating a point of time. These enactments made prior and subsequent to the enabling act, pursuant to which the bonds were issued, when read together indicate a serious and clear expression of legislative intent. The Legislature under accepted canons of construction must be deemed to have used the phrase " at the expiration of " in the sense in which it had been judicially construed up to that time (*Lester* v. *Jewett, supra*; *Adler* v. *Deegan*, 251 N. Y. 467; *People ex rel. Sheldon* v. *Board of Appeals of City of N. Y.*, 234 N. Y. 484; *Mabie* v. *Fuller*, 255 N. Y. 194).

For these reasons we dissent from the views expressed in the prevailing opinion and vote to affirm the judgment appealed from, with costs.

LOUGHRAN, Ch. J., LEWIS and DESMOND, JJ., concur with FULD, J.; DYE, J., dissents in opinion in which CONWAY and FROESSEL, JJ., concur.

Judgment reversed, etc.